# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

REGINALD B. WARE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A. and
WELLS FARGO BANK, N.A. d/b/a
AMERICAS SERVICING COMPANY,

    Defendants.

Civil Action File No.
1:16-cv-00519-RWS-AJB

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A. d/b/a America's Servicing Company (collectively "Wells Fargo"), by and through their undersigned counsel, file this response to the Complaint filed by Plaintiff Reginald B. Ware ("Plaintiff"), showing this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because it fails to state a claim against Wells Fargo upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Wells Fargo should be dismissed pursuant to the affirmative defenses of estoppel and waiver.

## THIRD AFFIRMATIVE DEFENSE

Any allegedly wrongful acts or omissions of Wells Fargo, if and to the extent such acts and omissions occurred, were legally excused or justified.

## FOURTH AFFIRMATIVE DEFENSE

Any and all conduct or activity of Wells Fargo alleged by Plaintiff conformed to any and all applicable state and federal statutes, codes, and regulations at all times relevant herein.

## FIFTH AFFIRMATIVE DEFENSE

Wells Fargo's actions and omissions, if any, respecting the subject matters in the alleged cause of action, were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the business purposes of Wells Fargo.

## SIXTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were caused in whole or in part by the actions or inactions of Plaintiff and others, and not by the actions or inactions of Wells Fargo.

## SEVENTH AFFIRMATIVE DEFENSE

The telephone calls described in Plaintiff's Complaint were made to Plaintiff's wireless telephone number with Plaintiff's prior express consent.

## EIGHTH AFFIRMATIVE DEFENSE

The telephone calls described in Plaintiff's Complaint were made to Plaintiff's wireless telephone number without Wells Fargo's knowledge.

## NINTH AFFIRMATIVE DEFENSE

The telephone calls described in Plaintiff's Complaint were not willful.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Wells Fargo is not a "consumer reporting agency," within the meaning of the Fair Credit Reporting Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be dismissed because Wells Fargo did furnish a "consumer report," within the meaning of the Fair Credit Reporting Act.

## TWELFTH AFFIRMATIVE DEFENSE

Wells Fargo reserves the right to assert any affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Subject to, and without waiving any of its rights, defenses, or objections, Wells Fargo responds to the specific allegations contained in Plaintiff's Complaint as follows:

## NATURE OF ACTION

1.      The statements contained in paragraph 1 of the Complaint are a characterization of Plaintiff's lawsuit, and therefore contain no facts that need to be admitted or denied by Wells Fargo.

2.      The statements contained in paragraph 2 of the Complaint are a characterization of Plaintiff's lawsuit, and therefore contain no facts that need to be admitted or denied by Wells Fargo.

3.      Wells Fargo denies the allegations contained in Paragraph 3 of the Complaint, as Title 29 of the United States Code is inapplicable.

## JURISDICTION AND VENUE

4.      Insofar as paragraph 4 of the Complaint states a legal conclusion, Wells Fargo neither admits nor denies the allegations contained in paragraph 4 of the Complaint.  To the extent a response is required, Wells Fargo denies the allegations contained in this paragraph.

## PARTIES

5.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      With respect to the allegations contained in paragraph 6 of the Complaint, Wells Fargo states that it is a national banking association chartered in

South Dakota.  Wells Fargo admits that it maintains an office in South Dakota, and that Wells Fargo maintains a registered agent in Georgia.   Wells Fargo denies the remaining allegations contained in paragraph 6 of the Complaint.

7.      Insofar as paragraph 7 of the Complaint states a legal conclusion, Wells Fargo neither admits nor denies the allegations contained in paragraph 8 of the Complaint.  To the extent a response is required, Wells Fargo denies the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

8.      With respect to the allegations contained in paragraph 8 of the Complaint, Wells Fargo admits that Plaintiff owed a debt to Wells Fargo.  Wells Fargo denies the remaining allegations contained in this paragraph.

9.      With respect to the allegations contained in paragraph 9 of the Complaint, Wells Fargo admits that Plaintiff owed a debt to Wells Fargo.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Insofar as paragraph 10 of the Complaint states a legal conclusion, Wells Fargo neither admits nor denies the allegations contained in paragraph 10 of the Complaint.  To the extent a response is required, Wells Fargo denies the allegations contained in this paragraph.

## COUNT I - FCRA

11.     Wells Fargo re-incorporates and re-alleges its responses to paragraphs 1-10 of the Complaint as if fully set forth herein.

12.     With respect to the allegations contained in paragraph 12 of the Complaint, Wells Fargo admits that Plaintiff was over 30 days delinquent in the repayment of his debt to Wells Fargo in December 2014.  Further answering, Wells Fargo admits that it reported Wells Fargo's delinquency to certain consumer reporting agencies, and denies that it provided inaccurate information to the consumer reporting agencies.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.  Consequently, these allegations are denied.

## COUNT II - TCPA

13.     Wells Fargo denies the allegations contained in paragraph 13 of the Complaint.

14.     Wells Fargo denies the allegations contained in paragraph 14 of the Complaint, as well as the subparts contained therein.

15.     Wells Fargo denies the allegations contained in paragraph 15 of the Complaint, as well as the subparts contained therein.

## **FACTS**

With respect to the allegations contained in the "Facts" section of the Complaint, Wells Fargo admits that Plaintiff was over 30 days delinquent in the repayment of his debt to Wells Fargo in December 2014.  Further answering, Wells Fargo admits that it reported Wells Fargo's delinquency to certain consumer reporting agencies, and denies that it provided inaccurate information to the consumer reporting agencies.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Consequently, these allegations are denied.

16.    Wells Fargo denies any allegation not explicitly admitted herein.

**WHEREFORE**, Wells Fargo denies that Plaintiff is entitled to any of the relief he seeks, and to the extent that Wells Fargo has inadvertently failed to respond to any allegation contained in Plaintiff's Complaint, such allegation is denied.  Therefore, having fully responded to each and every allegation contained in Plaintiff's Complaint, Wells Fargo respectfully prays:

(a)    That Plaintiff's claims against Wells Fargo are dismissed with prejudice;

(b)    That Plaintiff take nothing in this action;

(c)    That this Court enter a judgment in favor of Wells Fargo;

(d)     That this Court deny Plaintiff's request for damages; and

(e)     That this Court deny such other and further relief as it deems just and

proper, with all costs cast against Plaintiff.

Respectfully submitted this 25th day of February, 2016.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**     **/s/ Daniel P. Moore**
Monarch Plaza, Suite 1600                    Dylan W. Howard
3414 Peachtree Road, N.E.                     Georgia Bar No. 370267
Atlanta, Georgia 30326                          Daniel P. Moore
Phone: (404) 577-6000                          Georgia Bar No. 940480
Facsimile: (404) 221-6501                     *Counsel for Defendants Wells Fargo*
dhoward@bakerdonelson.com            *Bank, N.A. and Wells Fargo Bank N.A.*
dmoore@bakerdonelson.com             *d/b/a America's Servicing Company*

# CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** by the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia which will automatically send email notification to all counsel of record:

Reginald Ware, *pro se*
2555 Knox Street
Atlanta, Georgia 30317

Respectfully submitted this 25th day of February, 2016.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**    **/s/ Daniel P. Moore**
Monarch Plaza, Suite 1600              Dylan W. Howard
3414 Peachtree Road, N.E.              Georgia Bar No. 370267
Atlanta, Georgia 30326                   Daniel P. Moore
Phone: (404) 577-6000                   Georgia Bar No. 940480
Facsimile: (404) 221-6501              *Counsel for Defendants Wells Fargo*
dhoward@bakerdonelson.com         *Bank, N.A. and Wells Fargo Bank N.A.*
dmoore@bakerdonelson.com          *d/b/a America's Servicing Company*