IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD B. WARE,<br><br>　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and<br>WELLS FARGO BANK, N.A. d/b/a<br>AMERICAS SERVICING COMPANY,<br><br>　　　Defendants. | Civil Action File No.<br>1:16-cv-00519-RWS-AJB |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26 and Civil Local Rule 26.1, NDGa, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank N.A. d/b/a America's Servicing Company (collectively "Wells Fargo"), by and through its undersigned counsel, amends its Initial Disclosures, as follows:

**(1)　If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Wells Fargo was correctly identified.

**(2)　Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

1

To the best of Wells Fargo's knowledge, all necessary parties to the action have been named. Wells Fargo reserves the right to supplement this response as appropriate.

**(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

As of the date of these Initial Disclosures, Wells Fargo's discovery and investigation are ongoing.  Therefore, all factual support for Wells Fargo's defenses is not and cannot be known to Wells Fargo as of the date of these disclosures. Nonetheless, the following presently known facts support the defenses asserted in Wells Fargo's Answer:

Plaintiff obtained a home equity line of credit ("HELOC") loan from Wells Fargo in the principal amount of One Hundred Twenty-six Seven Hundred Sixty-four and 00/100 Dollars ($126,764.00), secured by real property located at 2649 Nelms Court, Decatur, Georgia 30033 (hereinafter "Property").  To secure repayment of the HELOC loan, Plaintiff executed a security deed ("Security Deed") in favor of Wells Fargo, using the Property as collateral.

Plaintiff claims that Wells Fargo inaccurately reported his account as being 30 days delinquent for the month of December 2014.  This alleged inaccurate reporting caused his credit score to decrease and denial of credit by other creditors.

2

Plaintiff further alleges that despite notifying and providing proof to Wells Fargo that the credit reporting was inaccurate, Wells Fargo never corrected the information and, therefore, violated the federal Fair Credit Reporting Act.

Plaintiff also claims that Wells Fargo made numerous calls to his cellular telephone number from October 2015 through January 2016, using an automated dialing system without Plaintiff's prior express consent.  In addition to the calls to his cellular telephone, Plaintiff claims that four text messages were sent from November 2015 to January 2016 also without his prior express consent.

Wells Fargo denies these allegations and contends that it complied with all applicable law concerning Plaintiff's cellular telephone number.

**(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

- Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 and 1681b, and federal case law interpreting said statutes;
- Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227(b)(1)(A)(iii), and federal case law interpreting said statutes;
- The Code of Federal Regulations related to the FCRA and the TCPA, and federal case law interpreting said regulations; and
- Common law governing the application of estoppel and waiver.

As discovery is on-going, Wells Fargo reserves the right to supplement the above list of applicable statutes and case law.

**(5)   Provide the name and, if known, the address and telephone**

**number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A.  As discovery is on-going, Wells Fargo reserves the right to supplement or amend its potential witness list.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

As discovery is on-going, Wells Fargo has neither designated an expert nor determined whether an expert will be used at trial at this time.  Wells Fargo reserves the right to supplement or amend this disclosure if such a designation or determination is made.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.  As discovery is on-going, Wells Fargo reserves the right to supplement or amend its potential document list.

**(8)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such**

4

**computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Wells Fargo has not asserted any claim for damages in this action.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

To the best of Wells Fargo's knowledge and belief, all potentially liable parties have been named. As discovery is on-going, Wells Fargo reserves the right to supplement this response.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Wells Fargo is not presently aware of any insurance agreement providing coverage for the allegations in Plaintiff's Complaint as alleged against Wells Fargo.

Respectfully submitted on this 13th day of April, 2016.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.** <br> Monarch Plaza, Suite 1600 <br> 3414 Peachtree Road, N.E. <br> Atlanta, Georgia 30326 <br> Phone: (404) 577-6000 <br> dhoward@bakerdonelson.com <br> dmoore@bakerdonelson.com | **/s/ Daniel P. Moore** <br> Dylan W. Howard <br> Georgia Bar No. 370267 <br> Daniel P. Moore <br> Georgia Bar No. 940480 <br> *Counsel for Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank N.A. d/b/a America's Servicing Company* |

## ATTACHMENT A

Defendant Wells Fargo states that the following persons may have knowledge relevant to this action:

- Plaintiff Reginald B. Ware has knowledge about the factual circumstances surrounding the subject loan, his payment history, and communications with Wells Fargo regarding the claims alleged in the instant litigation.

- Representatives of Wells Fargo have knowledge and information related to the factual allegations asserted in the Complaint, including the servicing of the subject loan, the payment history of the subject loan, applications to modify the subject loan (if any), communications between Plaintiff and Wells Fargo regarding the subject loan, and the delinquent status of Plaintiff's loan account. Representatives of Wells Fargo may be contacted through counsel of record.

## ATTACHMENT C

Defendant Wells Fargo states that the documents relevant to this action in its possession, custody or control that it may use to support its defenses include all non-privileged documents in the file maintained by Defendant Wells Fargo for this loan, including, but not limited to, the following:

- All security instruments and deeds signed by Plaintiff securing the subject loan;
- All correspondence and written communications between Plaintiff and Wells Fargo concerning Plaintiff's loan account and cellular telephone number;
- All pleadings and filings of record;
- All documents supporting Wells Fargo's defenses to the claims asserted in this lawsuit.

Defendant Wells Fargo reserves the right to supplement this disclosure pursuant to Federal Rules of Civil Procedure 26(e) and Local Rule 26.1(C), NDGa, as this action develops through discovery and motion practice.

## CERTIFICATE OF SERVICE

I have this day served upon all necessary parties of record a copy of *Defendant's Initial Disclosures* by filing same with the Court's CM/ECF system and mailing it by First Class U.S. Mail, with adequate postage affixed thereon, to the following:

Reginald Ware, *pro se*
2555 Knox Street
Atlanta, Georgia 30317

Respectfully submitted this 13th day of April, 2016.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.** | **/s/ Daniel P. Moore** |
| Monarch Plaza, Suite 1600 | Dylan W. Howard |
| 3414 Peachtree Road, N.E. | Georgia Bar No. 370267 |
| Atlanta, Georgia 30326 | Daniel P. Moore |
| Phone: (404) 577-6000 | Georgia Bar No. 940480 |
| Facsimile: (404) 221-6501 | *Counsel for Defendants Wells Fargo* |
| dhoward@bakerdonelson.com | *Bank, N.A. and Wells Fargo Bank N.A.* |
| dmoore@bakerdonelson.com | *d/b/a America's Servicing Company* |